UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARTFORD FIRE INSURANCE
COMPANY,

      Plaintiff,

v.                                          Case No: 8:14-cv-829-T-30AEP

TONYA DONAHUE and
DONNA CARDELLINO, LLC,

      Defendants.

_____

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss (Dkt. 8) and Plaintiff's Opposition (Dkt. 15). Upon review and consideration, it is the Court's conclusion that Defendant's Motion to Dismiss should be granted.

## BACKGROUND

This is a declaratory judgment action filed by Plaintiff Hartford Fire Insurance Company ("Hartford") against Defendants Tonya Donahue ("Donahue") and Donna Cardellino, LLC ("Cardellino", together with Hartford and Donahue, the "Parties") to resolve the rights and liabilities of the parties under an insurance policy issued by Hartford to Donahue. This case stems from an underlying tort and breach of contract case in the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, and its ongoing garnishment proceedings between the Parties. Defendant Cardellino's motion to dismiss

argues that the Court should decline to exercise jurisdiction over the action and dismiss the complaint.

On March 26, 2012, Hartford issued a Technology Liability Policy (the "Policy") to Donahue, who was conducting business as an internet consultant. The Policy provided that coverage would be effective from March 26, 2012, until March 26, 2013.

On April 6, 2012, Cardellino and Donahue entered into a Programmer Services Agreement, in which Donahue agreed to provide coding, website programming, search engine optimization, and various related services for Cardellino's website. During April and May of 2012, in the course of performing software updates on Cardellino's website, Donahue damaged the security and functionality of the website causing Cardellino financial damage.

On July 3, 2012, Hartford sent Donahue a Notice of Cancellation of the Policy for failure to pay the premium. The notice provided that the Policy would be reinstated upon receipt of the premium by July 18, 2012. Donahue did not pay the premium.

On July 19, 2012, Cardellino filed a complaint against Donahue in the Circuit Court in and for Hillsborough County, Florida, based on her failure to support Cardellino's website in accordance with the Programmer Services Agreement (the "State Court Action"). Hartford provided defense counsel for Donahue in the State Court Action for several months. On May 7, 2013, Donahue, defense counsel, and Cardellino's counsel filed a Stipulated Motion to Withdraw, agreeing that Hartford-retained defense counsel would withdraw from continued representation of Donahue in the State Court Action. The Motion to Withdraw was granted on May 10, 2013, and Hartford did not retain new counsel for Donahue.

Thereafter, an arbitration award was entered against Donahue in favor of Cardellino.  Final judgment was entered against Donahue on January 7, 2014.

On March 6, 2014, Cardellino filed a writ of garnishment against Hartford in the State Court Action, alleging that Hartford was liable for the judgment.  Hartford answered the writ on April 1, 2014, denying liability.

Hartford filed the instant action for declaratory judgment on April 8, 2014.  Cardellino now moves the Court to abstain from exercising jurisdiction in the instant action and to dismiss this case.

## **DISCUSSION**

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides in relevant part "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." *Chicago Ins. Co. v. Lammers*, 6:06-CV-658ORL-28JGG, 2006 WL 5085250 at *3 (M.D. Fla. Oct. 31, 2006) (citing 28 U.S.C. § 2201(a)) (emphasis in original).   The Declaratory Judgment Act confers "on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants", allowing a court to determine "whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 282, 286-87, 115 S.Ct. 2137, 132 L. Ed. 2d 214 (1995)  Courts are under no compulsion to

exercise jurisdiction under the Declaratory Judgment Act.  *See Brillhart v. Excess Ins. Co. Am.*, 316 U.S. 491, 494, 62 S. Ct. 1173, 1175, 86 L. Ed. 1620 (1942).

The United States Supreme Court has held that "it would be uneconomical as well as vexatious for a federal court to proceed in a declaratory judgment suit where another suit is pending in state court presenting the same issues, not governed by federal law, between the same parties", admonishing that "[g]ratuitous interference with the orderly and comprehensive disposition of a state court litigation should be avoided."  *Id*. at 495.

Numerous federal courts have treated garnishment proceedings involving the same issues between the same parties as parallel state actions in determining whether abstention from declaratory judgment is appropriate.  *See e.g. Mt. Hawley Ins. Co. v. Park Ave. At Metrowest, Ltd.*, 6:13-CV-556-ORL, 2013 WL 6858946, at *3 (M.D. Fla. Dec. 30, 2013) (holding that an insurance company's involvement as garnishee in underlying state court action is sufficient to allow the Court to consider whether it is appropriate to abstain from exercising jurisdiction in declaratory judgment action); *Fed. Ins. Co. v. Hamptons at Metrowest Condo. Ass'n, Inc.*, 6:13-CV-1087-ORL-37, 2014 WL 299107, at *3 (M.D. Fla. Jan. 28, 2014) (same); *Three Rivers Distrib., LLC v. Roussel*, 4:10CV01513 JLH, 2011 WL 860655 (E.D. Ark. Mar. 9, 2011) (holding that garnishment proceedings in state court were parallel state proceedings for purposes of deciding whether to abstain from exercising jurisdiction in a declaratory judgment action); *Am. Family Mutual Ins. Co. v. Carter Enters.*, No. 04–0933–CV–W–JTM, 2005 WL 3310467, at *3 (W.D.Mo. Dec.6, 2005) (declining to

exercise jurisdiction over a declaratory judgment action to determine coverage under insurance policy where the insurer was merely a garnishee in underlying state court proceedings).  The underlying garnishment proceedings in the State Court Action present the same issues, namely whether Hartford has a duty to indemnify Donahue for the damages in the State Court Action in accordance with the Policy, between the same parties.  In addition, the question of insurance coverage necessarily turns on issues of state law, rather than federal law.  Accordingly, it is the Court's conclusion that evaluation under the guidepost factors enumerated in *Ameritas Variable Life Ins. Co. v. Roach*, 411 F.3d 1328, 1331 (11th Cir. 2005) is appropriate here.  *See id; see also Amerisure Mut. Ins. Co. v. Plantation Key Office Park, LLLP,* No. 11–60136–CIV, 2011 WL 2436693, at * 2 (S.D.Fla. June 14, 2011).

As provided in *Ameritas*, courts should look to the following nine factors in determining whether to exercise jurisdiction over a declaratory judgment action:

(1) the strength of the state's interest in having the issues raised in the federal declaratory action decided in the state courts;

(2) whether the judgment in the federal declaratory action would settle the controversy;

(3) whether the federal declaratory action would serve a useful purpose in clarifying the legal relations at issue;

(4) whether the declaratory remedy is being used merely for the purpose of "procedural fencing" — that is, to provide an arena for a race for res judicata or to achieve a federal hearing in a case otherwise not removable;

(5) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction;

(6) whether there is an alternative remedy that is better or more effective;

(7) whether the underling factual issues are important to an informed resolution of the case;

(8) whether the state trial court is in a better position to evaluate those factual and legal issues than is the federal court; and

(9) whether there is a close nexus between the underlying factual and legal issues and state law and/or public policy, or whether federal common or statutory law dictates a resolution of the declaratory judgment action

*Ameritas*, 411 F.3d at 1331 (citing *Brillhart*, 316 U.S. at 491).   These factors are nonexclusive, and no single factor controls.  *Id.*

Upon consideration of these factors, the Court concludes that the applicable considerations weigh in favor of abstention.  *Id.*  Here, the State Court Action is being litigated in Florida state court, and any ruling on Hartford's coverage obligation in this action would necessarily affect the State Court Action.  Additionally, Florida law governs the substantive issues presented in the instant case, giving Florida a substantial interest in having these issues decided in state court.  *See Lincoln Ben. Life Co. v. Look*, 2:05CV035 3-FTM, 2006 WL 3734331 at *4 (M.D. Fla. Dec. 15, 2006).

Moreover, the timing of the filing of instant action, when viewed in conjunction with the proceedings in the State Court Action, strongly indicates that Hartford is engaging in "procedural fencing."  Hartford initially provided defense to Donahue in the State Court Action and therefore was very familiar with the proceedings and the underlying factual issues.  Hartford only chose to bring the instant action when it faced the looming potential

of liability in the State Court Action, suggesting that its purpose is to achieve an arena for a race to res judicata.  *See Mt. Hawley Ins. Co.,* 2013 WL 6858946, at *4.

Finally, it is clear that the state court is in a better position to evaluate the important factual issues in the case in determining coverage issues.  Because the state court is familiar with the factual issues, parties, and the evidence before it, and because it is currently analyzing the very question that is being presented to the Court in the instant case, this Court's exercising jurisdiction would both hinder judicial economy and unnecessarily encroach onto state jurisdiction.

On the basis of the foregoing, the Court concludes that this is a proper case for abstention by the federal court.  Accordingly, the Court will abstain from the exercise of jurisdiction in this matter.  It is therefore

ORDERED AND ADJUDGED that:

1.  Defendant's Motion to Dismiss on the Grounds that this Court Should Abstain from Exercising Jurisdiction Over this Action for Declaratory Relief and Incorporated Memorandum of Law (Dkt. 8) is GRANTED.

2.  All pending motions are denied as moot.

3.  The Clerk is directed to close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 23, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record